IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LILLIE MARPLE, §
 §
 Plaintiff, §
 §
VS. § NO. 4:07-CV-448-A
 §
MICHAEL J. ASTRUE, §
COMMISSIONER OF §
SOCIAL SECURITY, §
 §
 Defendant. §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein Lillie Marple is plaintiff and the Commissioner of Social Security, currently Michael J. Astrue, is defendant. On June 16, 2008, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and granted the parties until July 8, 2008, to file and serve any written objections thereto. On July 29, 2008, plaintiff filed a motion to file objections out of time. The court granted plaintiff's motion on July 30, 2008, and directed the clerk of the court to file plaintiff's objections. For the reasons given below, the court has concluded that it should accept the proposed findings, conclusions and recommendation of the United States Magistrate Judge and affirm defendant's decision.

I.

Standard of Review

Pursuant to 42 U.S.C. § 405(g), the only issues before the

court are whether the final decision of the Commissioner that plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence, and whether the decision complies with applicable legal standards. <u>Crouchet v. Sullivan</u>, 885 F.2d 202, 204 (5th Cir. 1989). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. <u>Richardson v. Perales</u>, 402 U.S. 389, 390 (1971). The court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings. <u>Fraga v. Bowen</u>, 810 F.2d 1296, 1302 (5th Cir. 1987). Substantial evidence is more than a mere scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Crouchet</u>, 885 F.2d at 204. In determining whether the Commissioner's decision is supported by substantial evidence, the court considers (1) objective medical facts and clinical findings, (2) diagnosis of examining physicians, (3) subjective evidence of pain and disability as testified to by the claimant, and (4) the claimant's age, education, and work history. <u>Smith v. Schweiker</u>, 646 F.2d 1075, 1077 (5th Cir. Unit A June 1981).

Once the magistrate judge has issued his proposed findings, conclusions, and recommendation, and the plaintiff has made objections thereto, the district judge makes a <u>de novo</u> determination of those portions of the magistrate judge's

specified proposed findings or recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court now makes that determination in the context of the basic principles mentioned above.

II.

## Plaintiff's Objections and Rulings Thereon

Plaintiff files two objections to the magistrate judge's proposed findings, conclusions, and recommendation.[1] First, she contends that the Administrative Law Judge ("ALJ") failed to fully appreciate plaintiff's hearing loss. Second, she argues that the ALJ erred in relying on a medical report that was dated six months before plaintiff became disabled. As discussed below, the court concludes that both of plaintiff's objections are without merit.

Plaintiff first argues that the ALJ did not adequately evaluate her hearing loss. Because the court cannot reweigh evidence, the court only examines whether the Commissioner's decision was supported by substantial evidence. Fraga, 810 F.2d at 1302.

At her hearing, plaintiff testified that people standing behind or beside her often need to speak loudly in order for her to hear them. Tr. Vol. 2 at 425. She also testified that she

---

[1] Plaintiff, in a footnote, also complains about the Administrative Law Judge's treatment of her obesity and refers generally to "her brief to the Court." Because plaintiff does not raise this as an objection or provide any argument for this complaint in her objection to the magistrate judge's proposed findings, conclusions, and recommendation, the court need not address it. 28 U.S.C. § 636(b)(1); see United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

3

can hear people straight in front of her because she can somewhat read lips. Id. An examination note from Dr. Cole in May 2006 stated that plaintiff had a history of hearing loss and had complained of some hearing loss. Id. at 353. Dr. Baer reported in a clinical evaluation in September 2005 that, while plaintiff had some hearing loss and did not respond when the interviewer spoke to her out of her line-of-sight, "she heard adequately in face-to-face conversation." Tr. Vol. 1 at 197.

Based on this information, the ALJ restricted plaintiff from performing jobs that required her to talk on the telephone. Id. at 20. The ALJ included this restriction when asking the vocational expert if there were any jobs in the national economy that a person of plaintiff's relevant vocational characteristics could perform. Tr. Vol. 2 at 434. The vocational expert testified there were three different types of jobs in the economy that plaintiff could perform. Id. at 434-35. Based on the record, the Commissioner's decision was supported by substantial evidence.

Plaintiff's reliance on Lovelace v. Brown, 813 F.2d 55 (5th Cir. 1987), and Taylor v. Bowen, 782 F.2d 1294 (5th Cir. 1986), is misplaced. Neither the holding, the facts, nor the reasoning of either case bears any relevance to plaintiff's objections. The arguments based on these cases warrant no further discussion. This objection is without merit.

Plaintiff also contends that the ALJ erred in relying on the medical report by Dr. Charles Shang because the report is dated

March 31, 2004, six months prior to her contended disability. The ALJ was required, according to plaintiff, to recontact Dr. Shang if he believed the actual date of the examination was not March 31, 2004. This argument is frivolous.

While the date on the examination is March 31, 2004, the report as a whole reflects that the examination took place on March 31, 2005, well after plaintiff's contended disability began.[2] Tr. Vol. 1 at 135. The report lists Marple's age as forty-three years old, which would not have been Marple's age on March 31, 2004, but would have been her age on March 31, 2005. Id. The date of Marple's last seizure is dated December 2004, which reflects that the examination took place in March 2005, not March 2004. Id. The report is stamped "2005" from a payment processing center. Id. The other clinical and diagnostic tests that accompany Dr. Shang's report originated in March and April 2005. Id. at 136-39. While these tests were not ordered specifically by Dr. Shang, they were ordered by and presented to Quality Care Medical Group, where Dr. Shang works. Id. Further, as defendant points out, "Dr. Shang is a consultative physician and he could not have possibly seen Marple before she even filed her disability applications in February 2005." Def.'s Br. at 6. An evaluation of the report and its accompanying tests reflect that the March 31, 2004, date was a typographical error. See Troupe v. Barnhart, 140 Fed. App'x 544 (5th Cir. 2005) (rejecting

---

[2]Plaintiff contends her disability began September 19, 2004. Tr. Vol. 1 at 63.

plaintiff's argument as frivolous where a plain reading of the transcript revealed a misspelled name was a typographical error.). Insofar as the error was a conflict of evidence, proper resolution was within the ALJ's discretion. See Jones v. Heckler, 702 F.2d 616, 621 (5th Cir. 1983).

Plaintiff points to 20 C.F.R. § 404.1513(e) as support that the ALJ was required to recontact Dr. Shang. This section does not apply to Dr. Shang because he was a consultative physician, not a treating physician. Tr. Vol. 1 at 18. Section 404.1519p(b) applies a similar requirement to consultative reports, but, similarly to § 404.1513(e), the requirement to recontact a physician only applies where the information in the report is inadequate or incomplete. 20 C.F.R. §§ 404.1519p(b), 404.1513(e). The single typographical error in Dr. Shang's report does not render it inadequate or incomplete. Again, any conflict created by the typographical error was properly resolved by the ALJ. See Jones, 702 F.2d at 621.

The record does not reflect, and plaintiff does not argue, that the record as a whole was inadequate due to the typographical error in Dr. Shang's report. Even without Dr. Shang's report, the ALJ fully and fairly developed the record. See Newton v. Apfel, 209 F.3d 448, 458 (5th Cir. 2000). Further, there is no basis for reversal because plaintiff does not show she was prejudiced by the error in the report. Id. Accordingly, this objection is without merit.

III.

## Conclusion and Order

For the reasons stated above, both of plaintiff's objections are without merit. Therefore, the court accepts the magistrate judge's proposed findings, conclusions, and recommendations. Consistent therewith,

The court ORDERS that the Commissioner's decision that plaintiff did not qualify for disability insurance benefits under Title II and supplemental security income or SSI benefits under Title XVI of the Social Security Act be, and is hereby, affirmed.

SIGNED September 18, 2008.

_____
JOHN McBRYDE
United States District Judge